43 F.3d 1474
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth L. MULDROW, Defendant-Appellant.
 No. 94-2191.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 2, 1994.
Decided Dec. 30, 1994.
 
 Before CUMMINGS, BRIGHT* and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Kenneth L. Muldrow appeals the district court's[1] sentence of four months incarceration followed by one year supervised release imposed under the Federal Sentencing Guidelines. Muldrow pled guilty to a single misdemeanor count of deprivation of rights under color of law, in violation of 18 U.S.C. Sec. 242.
 
 
 2
 In the presentence investigation report, the probation officer concluded that Muldrow had been motivated by the official status of his victim, a mail carrier, and recommended that the court increase his sentencing guidelines level by three points under Sec. 3A1.2(a). The district court, applying the official victim enhancement, sentenced Muldrow to the minimum sentence for his 11 offense level guideline range.
 
 
 3
 On appeal, Muldrow asserts that the district court erred in enhancing his offense level pursuant to Sec. 3A1.2(a) on the basis that his offense was motivated by the victim's official status because the underlying dispute was clearly personal in nature. Muldrow argues that the district court's error in enhancing his offense level was not harmless error, and, therefore, remand for re-sentencing is appropriate.
 
 
 4
 A review of the record discloses ample evidence supporting the district court's finding that Muldrow's actions were motivated by the victim's status as a mail carrier, and more specifically by the victim's performance of his official duties as a "government employee." This factual finding is supported by the record and is not erroneous.
 
 
 5
 The question presented requires no extensive discussion. Accordingly, we affirm. See 7th Cir.R. 53(b).
 
 
 
 *
 The Honorable Myron H. Bright, Circuit Judge for the United States Court of Appeals for the Eighth Circuit, is sitting by designation
 
 
 [1]
 The Honorable Marvin E. Aspen, United States District Court for the Northern District of Illinois, Eastern Division